**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| ROBERT THOMPSON, *Plaintiff,* v. COREY ROSER AND DUSTIN PERONE, *Defendants.* | NO. 3:22-CV-50049 HONORABLE IAIN D. JOHNSTON |

**MEMORANDUM OPINION AND ORDER**

Police officer Dustin Perone of the City of Rockford moves to dismiss this § 1983 action against him as barred by the relevant statute of limitations.[1] Notwithstanding the plaintiff's arguments regarding relation back and equitable tolling, the motion is granted.

---

[1] Perone moves under Rule 12(b)(6), to which Thompson objects. Dkt. 76 at 2-3. Although a motion under Rule 12(c) is ordinarily the appropriate means of raising an affirmative defense, *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012), where the "relevant dates are set forth unambiguously in the complaint"—as is the case here, Dkt. 65 ¶¶7-16—a statute-of-limitations defense may be considered on a 12(b)(6) motion, *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009), the plaintiff's complaint itself disclosing all that is necessary to demonstrate the unavailability of relief for his claim.

There is an added wrinkle here, however, because by arguing for relation back, Thompson has essentially raised an affirmative defense to an affirmative defense (a *replicatio*, as it were), the establishment of which would require the consideration of facts outside of the complaint. But because the party claiming relation back bears the burden of establishing it, *see Farrell v. McDonough*, 966 F.2d 279, 282–83 (7th Cir. 1992), and a party "opposing a Rule 12(b)(6) motion" is free to "elaborate on his factual allegations so long as the new elaborations are consistent with the pleadings," *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 753 n.2 (7th Cir. 2021) (cleaned up), deciding the issue on this procedural posture does not seem improper. *See, e.g., Supreme Auto Transp., LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735, 742 (7th Cir. 2018) (affirming 12(b)(6) dismissal on statute-of-limitations grounds that also considered relation back and equitable tolling on the same posture).

## BACKGROUND

This case has seen three complaints and a lengthy stay. The first complaint was filed on February 17, 2022; in it, Thompson sought relief for his mistreatment by the "Rockford Police Department" on the morning of August 22, 2020. Dkt. 1. He named the department as a defendant, but no officers; having sued an entity not suable under § 1983, the complaint was dismissed. Dkt. 4.

An amended complaint followed on March 9, 2022, describing how two officers—one named Roser, the other unnamed—had roughed him up at his apartment and then wrongfully arrested him while investigating a 911 call made from his phone. Dkt. 5. This complaint was allowed to proceed, and "Officer Roser" was added as a defendant. Dkt. 7.

On June 14, 2022, the proceedings in this case were stayed pending the resolution of Thompson's related state criminal proceeding. Dkt. 19. Just over a year later, on June 15, 2023, that stay was lifted. Dkt. 38.

Not until February 23, 2024—in a second amended complaint—was Perone named as a defendant. Dkt. 65.

## ANALYSIS

Thompson's § 1983 action accrued on August 22, 2020, and is governed by Illinois' two-year statute of limitations. *Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006). Perone was named as a defendant over three years later, on February 23, 2024—this makes the claim against him untimely, unless the second amended

2

complaint relates back to the original complaint under Rule 15 or the statute of limitations were equitably tolled. Neither saves Thompson's claim against Perone.

Rule 15 would allow for relation back here if, among other things, Thompson can show that Perone "knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." Fed. R. Civ. Pro. 15(c)(1)(C)(ii).

A mistake is "any erroneous belief," *Rodriguez v. McCloughen*, 49 F.4th 1120, 1123 (7th Cir. 2022)—but it must be an erroneous belief *concerning the proper party's identity*. Thompson says his mistake was his "failure to understand the orders and guidance provided by the judges in this case to him," misinterpreting them as allowing him more time to name Perone than he had. Dkt. 76 at 8. In short, this doesn't count: Confusion about legal rules is not a mistake as to Perone's identity. The 15(c)(1)(C)(ii) inquiry focuses on what Perone knew or should have known; but because Thompson cannot identify a mistake within the meaning of that provision, there cannot be relation back, regardless of what Perone knew.

As for equitable tolling of the statute of limitations—Thompson argues that the case's tortured procedural history and his having proceeded (for a time) *pro se* militate in its favor. Dkt. 76 at 10. Because his claim is brought under § 1983, the relevant principles of equitable tolling are, like the statute of limitations itself, borrowed from Illinois law. *See Wallace v. Kato*, 549 U.S. 384, 394 (2007). Thompson, however, identifies no Illinois law that would guide the exercise of the Court's equitable discretion, let alone support his position that he is entitled to such relief, so this argument fails

3

as insufficiently developed. *See Morris v. City of Rockford*, No. 3:20-CV-50384, 2022 WL 7498364, at *5 (N.D. Ill. Oct. 13, 2022).

*    *    *

Perone's motion to dismiss is granted.

Date: May 17, 2024

_____
HONORABLE IAIN D. JOHNSTON
*United States District Judge*